UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

                                                          :

UNITED STATES OF AMERICA,                    :        Criminal No. 04-280
                                                          :        Hon. Faith S. Hochberg, U.S.D.J.
        v.                                                :
                                                          :
HAKEEM CURRY, et al.,                         :        **ORDER**
                                                          :
                      Defendants.             :        May 12, 2006
_____         :

        This matter having come before the Court on the motion of Defendant Curry for

reconsideration of this Court's Order of April 25, 2006, granting the Government's *in limine*

motions as to the use of aka's, an anonymous jury and shackling;[1] and

_____

        [1] Counsel for Defendants failed to respond to these three issues contained in the
Government's *in limine* brief in a timely matter.  In the April 25, 2006 Order, the Court made
certain findings, including that an anonymous jury is warranted in this case based on articulated
security concerns, leg shackles will be used on Defendants in this matter because invisible leg
shackles, hidden by a drape on counsel tables, is the least restrictive method regularly employed
by the U.S. Marshal's Service in cases such as this where there is a credible proffer of violence
against witnesses.  This additional security measure is necessary; it will not prejudice Defendants
in the eyes of the jury because all precautions will be ordered to hide them, and Defendants can
freely speak to counsel and assist in their own defense because there will be no manacles.  The
Court also permitted the Government's use of the aka's in its opening statement solely as an
explanatory aid to the jury to understand the tapes as the come into evidence.  Counsel for
Defendant, Lin Solomon, indicates that there must have been some filing "glitch" because she
believes that the defense filed a timely opposition to these *in limines*.  This assertion is not
persuasive because neither the Court nor the Government received courtesy copies of the
opposition despite the fact that this is Ms. Solomon's standard practice; and the defense filed
other separate documents with respect to the Government's other *in limine* motions and then
when it later filed this document, it contained an opposition to all of the Government's *in
limines*.  Nonetheless, the Court has considered Defendant's motion for reconsideration and the
opposition to the Government's previously unopposed *in limine* motions and finds no reason to
alter its prior ruling.

it appearing that a Motion for Reconsideration is governed by Local Civil Rule 7.1(i);[2] and

it appearing Local Civil Rule 7.1(i) provides for the reconsideration of an order if the motion for the same is filed within 10 days after entry of the disputed order; and

it appearing that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also, Shoenfeld Asset Mgt. v. Cendent Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), Yurecko v. Port Authority Trans-Hudson, 2003 WL 22001196, at * 2 (D.N.J. Aug. 18, 2003); and

it appearing that the Rule requires that the moving party set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990); and

it appearing that "a party seeking reconsideration must show more than a disagreement with the Court's decision," G-69 v. Degnan, 748 F. Supp. at 275; and

it appearing that "a mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant reargument, Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998)(quoting Carteret Savings Bank F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989)); and

---

[2]  While the Federal Rules of Criminal Procedure do not specifically address motions for reconsideration, our Local Rule of Criminal Procedure 1.1 expressly adopts for use in criminal cases Local Rule of Civil Procedure 7.1(i) , which permits a party to move for reconsideration or reargument.

it appearing that a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice,  Database America v. Bellsouth Advertising & Publ'g., 825 F. Supp. 1216, 1220 (D.N.J. 1993)(citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); and

it appearing that a motion for reconsideration is improper when it is used "to ask the Court to rethink what it had already thought through -- rightly or wrongly," Ciba-Geigy Corporation v. Alza Corporation, 1993 WL 90412, *1 (D.N.J. March 25, 1993); Oritani Sav. & Loan v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993); and

it appearing that because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986); and

it appearing that disagreement with the Court's initial decision as the basis for bringing a motion "should be dealt within the normal appellate process, not on a motion for reargument," Florham Park Chevron, Inc. v. Chevron U.S.A.,Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); and

it appearing that Defendant Curry disagrees with this Court's April 25, 2006 decision and fails to point to a change or error in the law, new evidence or a clear error of law/manifest injustice,

**IT IS**, therefore, on this 12th day of May, 2006,

**ORDERED** that Defendant's Motion for Reconsideration is **DENIED**.


/s/ Faith S. Hochberg
HON. FAITH S. HOCHBERG, U.S.D.J.